Theodore F. JOHNSON,
Plaintiff–Appellant,

v.

WASHINGTON MUTUAL BANK,
F.A. and Melissa J. Sirovina,
Defendants–Appellees.

No. 06–2372–cv.

United States Court of Appeals,
Second Circuit.

Feb. 2, 2007.

Theodore F. Johnson, pro se, Hempstead, NY, for Plaintiff–Appellant.

James G. Ryan, Cullen and Dykman LLP (Stephanie Aranyos, of counsel), Garden City, NY, for Defendant–Appellee.

Present: Hon. AMALYA L. KEARSE and Hon. SONIA SOTOMAYOR, Circuit Judges, Hon. MIRIAM GOLDMAN CEDARBAUM, District Judge.*

## SUMMARY ORDER

Plaintiff-appellant Theodore F. Johnson appeals from the May 9, 2006 judgment of the United States District Court for the Eastern District of New York (Irizarry, J.) granting defendant-appellee Washington Mutual Bank's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss his amended complaint. Johnson asserted causes of action under 42 U.S.C. §§ 1983 and 1985, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"), the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* *("TILA")*, the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* *("ECOA")*, and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. We assume the parties' familiarity with the underlying facts of the case, its procedural history, and the arguments on appeal.

This Court reviews *de novo* a district court's dismissal pursuant to Rule 12(b)(6), drawing all inferences in favor of the plaintiff. *Posr v. Court Officer Shield No. 207,* 180 F.3d 409, 413 (2d Cir.1999).

We do not consider Johnson's claims under Title VII of the Civil Rights Act of 1964; the First Amendment; Regulation X, 24 C.F.R. § 3500.1–3500.21; and 42 U.S.C. §§ 1981, 1991, and 1995, which he raises for the first time only on appeal. *See Singleton v. Wulff,* 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976). Additionally, Johnson has waived any challenge to the dismissal of his claims against Melissa J. Sirovina and his claims under TILA and ECOA, as he has not briefed any such challenge on appeal. *See LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir.1995).

To make out a claim under 42 U.S.C. § 1983, a plaintiff must show that the chal-

---

* The Honorable Miriam Goldman Cedarbaum, United States District Judge for the Southern District of New York, sitting by designation.

lenged conduct constituted state action. *See Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 229 (2d Cir.2004). In the present case, Johnson did not allege, nor is there any indication, that the defendants were state actors. To state a claim under 42 U.S.C. § 1985(3), a plaintiff must plead that two or more persons entered into a conspiracy to deprive him of his right to equal protection or to equal privileges and immunities under the laws. *See, e.g., Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *Brown v. City of Oneonta*, 221 F.3d 329, 337, 341 (2d Cir.2000). Johnson's amended complaint contains no allegation that defendants' challenged actions were based on race or any other invidious classification. Thus, the district court properly dismissed these claims for failure to state a claim upon which relief could be granted.

On appeal, we consider Johnson to have waived all claims under RESPA except those under 12 U.S.C. §§ 2603, 2604, 2605(a)–(c), (e)–(f), and 2609, as those are the only provisions he mentions in his appellate brief. *See LoSacco*, 71 F.3d at 92–93. Though this Circuit has not spoken on whether these sections of RESPA provide private rights of action, *see, e.g., McAnaney v. Astoria Fin. Corp.*, 357 F.Supp.2d 578, 591 (E.D.N.Y.2005) ("The Second Circuit has not decided whether a private right of action exists under § 2609(a)."), we need not address that question here because we can otherwise resolve the issue in defendants' favor. *See Bus. & Residents Alliance of E. Harlem v. Jackson*, 430 F.3d 584, 590 (2d Cir.2005). The facts Johnson has alleged do not implicate §§ 2603 (requiring that the person conducting a settlement provide the buyer with a settlement statement disclosing all charges imposed on the buyer), 2604 (requiring lenders to distribute special information booklets to those applying for loans), or 2605(a)–(c), (e)–(f) (requiring that loan servicers give notice to buyers of loan servicing transfers, and respond to borrower inquiries). With respect to Johnson's claim under § 2609 (limiting the requirements that can be imposed with respect to escrow account payments), the facts he has alleged, *see, e.g.*, Amended Complaint ¶¶ 38, 46, 57 (calling charges "dishonest," "excessive," and "inaccurate"), are too conclusory to meet even the liberal Rule 12(b)(6) standard. *See Dow Jones & Co. v. Int'l Sec. Exch., Inc.*, 451 F.3d 295, 307 (2d Cir.2006). Accordingly, because Johnson's RESPA claims were properly dismissed for failure to state a claim upon which relief may be granted, we do not reach the question of whether the RESPA provisions create private rights of action.

Lastly, the district court acted within its discretion in declining to exercise supplemental jurisdiction over Johnson's state law claims once it had dismissed all his federal claims. 28 U.S.C. § 1367(c)(3); *see Tops Markets, Inc. v. Quality Markets, Inc.*, 142 F.3d 90, 102–03 (2d Cir.1998).

For the foregoing reasons, we AFFIRM the judgment of the district court.