25-316-cv
*Romain v. Webster Bank N.A.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand twenty-five.

PRESENT:
> DENNIS JACOBS,
> JOSEPH F. BIANCO,
> > *Circuit Judges,*
> VICTOR A. BOLDEN,
> > *District Judge.*[*]

---

Joseph Romain, Marie R. Romain,

> *Plaintiffs-Appellants*,

v.                                                                    25-316-cv

Webster Bank N.A.,

> *Defendant-Appellee*.

---

FOR PLAINTIFFS-APPELLANTS:          Joseph Romain and Marie R. Romain, *pro se*, Westbury, NY.

FOR DEFENDANT-APPELLEE:          Ian T. Clarke-Fisher and Sabrina Marie Galli, Robinson & Cole LLP, New York, New York.

---

[*] Judge Victor A. Bolden, of the United States District Court for the District of Connecticut, sitting by designation.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Nina R. Morrison, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on January 10, 2025, is **AFFIRMED**.

Joseph and Marie Romain, proceeding *pro se*, appeal from the district court's judgment dismissing their complaint against Webster Bank N.A. ("Webster") for failure to state a claim. The Romains sued Webster under the Real Estate Settlement Procedures Act ("RESPA") and state law, alleging that Webster failed to pay them surpluses in their mortgage escrow account and falsely stated that their account had a shortage. Webster moved to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court granted Webster's motion, agreeing that the Romains' complaint failed to state a plausible claim. *See generally Romain v. Webster Bank N.A.*, No. 23-cv-5956 (NRM) (JMW), 2025 WL 50919 (E.D.N.Y. Jan. 8, 2025). We assume the parties' familiarity with the remaining facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

"We review the grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013) (per curiam). Because the Romains "ha[ve] been *pro se* throughout, [their] pleadings and other filings are interpreted to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024). As set forth below, for substantially the same reasons identified by the district court

in its thorough and well-reasoned decision, we agree that the complaint failed to state a plausible claim under RESPA or for fraud.[2]

First, with respect to the RESPA claim, as the district court correctly observed, this Court has not yet addressed whether there is a private right of action for alleged violations of 12 U.S.C. § 2609, which limits the requirements that can be imposed with respect to escrow account payments. *See, e.g.*, *Johnson v. Wash. Mut. Bank, F.A.*, 216 F. App'x 64, 66 (2d Cir. 2007) (summary order) ("[T]his Circuit has not spoken on whether these sections of RESPA provide private rights of action."). However, we need not and do not decide that issue because, even assuming *arguendo* that a private cause of action exists, the district court properly concluded that the Romains failed to plausibly allege that Webster violated Section 2609. *See also id.* (declining to decide whether the RESPA provisions created a private right of action because the district court properly dismissed the claims for failure to state a claim).

The Romains alleged that Webster erroneously determined that there was a shortage in their escrow account, when, according to their calculations, they were actually entitled to surplus funds. However, as the district court explained, the Romains' "methodology for calculating the alleged [] 'surplus' . . . [was] flawed." *Romain*, 2025 WL 50919, at *3. Among other things, the Romains arrived at their numbers by performing a retrospective analysis that compared a past year's payments with that year's expenses. But to determine whether there was a surplus or shortage, the Romains needed to perform a forward-looking calculation that compared "the target balance" with the actual balance of the account. *See* 12 C.F.R. §§ 1024.17(b), (f). In

---

[2] On appeal, the Romains raise no arguments related to their allegations that Webster breached a fiduciary duty and violated criminal statutes. The Romains have therefore abandoned these issues. *See Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021) (per curiam).

short, because the Romains failed to identify a surplus or the absence of a shortage using the method prescribed by the regulations, they failed to plausibly allege that Webster denied them surpluses or erroneously calculated shortages. Although the Romains generally alleged that Webster had excessively cushioned their account, those conclusory allegations are insufficient to withstand a motion to dismiss. *See Kirschner v. JP Morgan Chase Bank, N.A.*, 79 F.4th 290, 303 (2d Cir. 2023) ("[C]onclusory allegations are not entitled to the assumption of truth, and a complaint will not survive a motion to dismiss unless it contains sufficient factual matter, accepted as true, to state a claim that is plausible on its face." (internal quotation marks and citation omitted)).

Second, the district court also correctly concluded that the Romains failed to state a claim for fraud. Under New York law, the five elements of a fraud claim are: "(1) a material misrepresentation or omission of fact (2) made by [the] defendant with knowledge of its falsity (3) and intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff." *Crigger v. Fahnestock & Co., Inc.*, 443 F.3d 230, 234 (2d Cir. 2006). The Romains did not plausibly allege, among other things, that Webster made a material misrepresentation or omission of fact. As discussed above, the Romains' allegations were premised on a misunderstanding of how the alleged surpluses and shortages were calculated. Thus, the Romains did not plausibly allege how any statement made by Webster misrepresented facts or omitted said calculations. In short, the Romains' assertion that Webster falsified escrow account documents was conclusory, and the district court correctly dismissed the fraud claim under Rule 12(b)(6).

4

On appeal, the Romains further argue that the district court prematurely dismissed their complaint because they were entitled to discovery. However, "[a] plaintiff who has failed adequately to state a claim is not entitled to discovery." *Main St. Legal Servs., Inc. v. Nat'l Sec. Council*, 811 F.3d 542, 567 (2d Cir. 2016). To the extent the Romains also contend that they should have been granted leave to amend, they have failed to explain how better pleading could cure the substantive defects identified in their complaint. Therefore, the district court properly determined that leave to amend would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

*      *      *

We have considered the Romains' remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5